## WM. R. HODGES *v.* PETER T. CASSITY, ETC.

**Evidence—Competency—Exceptions Not Passed on Waived.**
> Where evidence is excepted to, as incompetent, and the court below fails to pass on the question it must be regarded as waived.

**Pleadings—Amount Claimed in Original Petition—Amendment Claiming Greater Sum.**
> It is not probable that in stating the amount due, in his original petition, the plaintiff would from mere forgetfulness, state it at less than one half of the real sum.

### APPEAL FROM ROWAN CIRCUIT COURT.

### January 6, 1871.

OPINION BY JUDGE PETERS:

In 1854 or 1855, when Peter Cassity, the decedent, was competent, he contracted with Hawkins to take care of and maintain himself and wife, and let him have the use of a lot or two convenient to the house for the rent of the residue of the farm, this ar-

rangement according to the evidence of Hawkins and wife was broken up by the appellant; their evidence was excepted to, but the exceptions were not passed on by the court below and must be regarded as waived. After the contract with Hawkins was concluded, appellant and his wife prevailed on Peter Cassity and wife to remove to their residence and appellant took upon himself to dispose of and manage the estate of Peter Cassity until his death, rented out his land and collected, and appropriated the rents which are variously estimated at from $150 to $45 per annum, but which might be fixed at $75 per annum which is less than Phelps estimated the annual rent at, who appears to be a practical man and free from bias either way, putting the rent then at $75 per annum, a price at which the farm might have been rented, for the period the decedent remained at appellant's house, except some intervals of a few months, would make $525. Peter Cassity held a note on appellant for $180, which was unpaid at his death, unless settled in the way of board. Appellant was further indebted to him for the proceeds of personalty sold, and other debts owing to decedent in an amount over three hundred dollars, making over one thousand dollars and the $150 allowed him by the judgment of the court below in addition thereto, increases the amount to about $1,500, more than double the amount claimed by appellant in his original petition. Nor is it probable that in stating the amount due him in his petition that he would from mere forgetfulness, state it at less than one-half of the real sum and, although he afterwards offered to amend his petition, increasing the amount which he claimed, still he does not even, if that amendment was properly before us, satisfactorily account for his failure to make a nearer approach to the indebtedness of decedent to him in his original petition. But the paper found in the record stated by the Clerk to be the amendment offered cannot be regarded by this court. It does not appear to have been filed and, unless it was filed, it could only be made a part of the record by a bill of exceptions making it a part thereof.

Considering the relation of the parties, and the facts and circumstances developed in the record, we feel satisfied with the judgment of the court below, and therefore affirm it on the original and cross appeals.

*Lacy, for appellant.*
*Phister, for appellee.*